# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| RENEE HARRIS | } | CASE NO. 17-81580-CRJ-13 |
| SSN: XXX-XX-2890 | } | |
| | } | CHAPTER 13 |
| Debtor(s). | } | |

## MEMORANDUM OPINION ON OBJECTIONS
## TO CLAIM #1 AND #3 OF THE STATE OF ALABAMA,
## DEPARTMENT OF REVENUE

This case came before the Court on December 14, 2017 for Evidentiary Hearing on Debtor's Objections to Claim #1 and Claim #3 filed by the State of Alabama, Department of Revenue (hereinafter the "Department" or "ADOR"). Following the hearing, the Court entered an Order Requiring Briefs to be filed by January 16, 2018 to address the following issues: (1) whether the Debtor received notice pursuant to ALA. CODE § 40-2A-7 of the final tax assessments issued by the Department; and (2) whether the Debtor is a "responsible party" pursuant to ALA. CODE § 40-29-72 and § 40-29-73 for the unpaid withholding taxes of Hoyt Harris, Inc. for the tax periods at issue.

The Court has considered the post-hearing Briefs submitted by each party, the testimony and evidence presented during the Evidentiary Hearing, the parties' Joint Stipulations of Undisputed Facts, and the relevant law and finds that Claims #1 and #3 should be allowed as the Debtor received both notice of the final assessments and is a responsible party for the periods at issue under Alabama law as set forth herein.

**I. PROCEDURAL HISTORY**

On May 23, 2017, the Debtor commenced the above-captioned case by filing a Chapter 7 Petition in which she listed the Department as a secured creditor in the amount of $13,500 and as

an unsecured creditor in the amount of $31,000. On June 8, 2017, the Department filed Claim #1 in the amount of $28,957.82 as a secured claim for withholding taxes for the quarters ending December 2013 through June 2014. Attached to Claim #1 is a copy of a Notice of Lien for Taxes recorded on June 1, 2016 in the Madison County Judge of Probate, Alabama. On August 14, 2017, the Department filed Claim #3 in the amount of $13,000 as a priority claim pursuant to 11 U.S.C. § 507(a)(8) for withholding taxes for the quarter ending September 2014.

The Debtor objects to both claims, arguing that she never received notice of the 100% penalty assessed by the Department against her on behalf of Hoyt Harris, Inc. for unpaid withholding taxes and that she was at no time a "responsible party" for the payment of withholding taxes on behalf of the company under Alabama law.

## II. FINDINGS OF FACT[1]

On December 7, 2017, the parties filed a Joint Stipulation of Undisputed Facts and Disputed Issues, stipulating as follows:

1. Hoyt Harris, Inc. is a corporation incorporated under the laws of the State of Alabama.

2. Hoyt Harris, Inc. was incorporated by Leonard Hoyt Harris, Sr. in May of 1976.

3. Leonard Hoyt Harris, Sr. served as the President of Hoyt Harris, Inc. since its incorporation until his death on September 17, 2009.

4. Leonard Hoyt Harris, Jr. purchased Hoyt Harris, Inc. in 2010.

5. The Debtor was married to Leonard Hoyt Harris, Jr. from December 1, 1990, to May 7, 2015.

---

[1] To the extent any of the Court's findings of fact constitute conclusions of law, they are adopted as such. Alternatively, to the extent any of the Court's conclusions of law constitute findings of fact, they are adopted as such.

6. The Debtor was employed by Hoyt Harris, Inc. during the 2013 and 2014 tax years.

7. During her employment at Hoyt Harris, Inc., the Debtor had check signing authority regarding the Hoyt Harris, Inc. corporate checking account held at BBVA Compass.

8. Hoyt Harris, Inc. failed to pay its withholding taxes as required by §§ 40-18-70, *et seq.* for the quarters ending December 2013 through June 2014 and the quarter ending September 2014.

9. Hoyt Harris, Inc.'s corporate bank account held at BBVA Compass held sufficient funds to pay the withholding taxes for the quarters ending December 2013 through June 2014 and the quarter ending September 2014.

10. The Debtor's mailing address has been 1104 W. Cleermont Circle SE, Huntsville, AL 35801 from January 2013 to the present time.

11. From January 2013 to the present, the Debtor has never received mail at any address other than 1104 W. Cleermont Circle SE, Huntsville, AL 35801.

12. On October 20, 2015, the Department entered a preliminary assessment against the Debtor as a responsible party for the withholding tax liability of Hoyt Harris Inc. for quarters ending December 2013 through June 2014 ("the initial preliminary assessment").

13. The Department mailed the initial preliminary assessment to the Debtor at 1104 W. Cleermont Circle SE, Huntsville, AL 35801 on October 20, 2015, by certified mail.

14. The initial preliminary assessment was returned to the Department by the postal authorities because it was unclaimed.

15. After receiving the unclaimed initial preliminary assessment, the Department mailed a copy of the initial preliminary assessment to the Debtor at 1104 W. Cleermont Circle SE, Huntsville, AL 35801 by regular mail on December 4, 2015.

16. On February 29, 2016, the Department entered a final assessment against the Debtor as a responsible party for the withholding tax liability of Hoyt Harris Inc. for quarters ending December 2013 through June 2014 ("the initial final assessment").

17. The Department mailed the initial final assessment to the Debtor at 1104 W. Cleermont Circle SE, Huntsville, AL 35801 by certified mail on February 29, 2016.

18. The initial final assessment was returned to the Department by the postal authorities because it was unclaimed.

19. After receiving the unclaimed initial final assessment, the Department mailed a copy of the initial final assessment to the Debtor at 1104 W. Cleermont Circle SE, Huntsville, AL 35801 by regular mail July 8, 2016.

20. On October 6, 2016, the Department entered a preliminary assessment against the Debtor as a responsible party for the withholding tax liability of Hoyt Harris Inc. for quarter ending September 2014 ("the second preliminary assessment").

21. The Department mailed the second preliminary assessment to the Debtor at 1104 W. Cleermont Circle SE, Huntsville, AL 35801 on October 6, 2016 by certified mail.

22. The second preliminary assessment was returned to the Department by the postal authorities because it was unclaimed.

23. After receiving the unclaimed second preliminary assessment, the Department mailed a copy of the second preliminary assessment to the Debtor at 1104 W. Cleermont Circle SE, Huntsville, AL 35801 by regular mail.

24. On December 20, 2016, the Department entered a final assessment against the Debtor as a responsible party for the withholding tax liability of Hoyt Harris Inc. for quarter ending September 2014 ("the December final assessment").

25. The Department mailed the December final assessment to the Debtor at 1104 W. Cleermont Circle SE, Huntsville, AL 35801 by certified mail.

26. The Debtor contacted the Department within 30 days of the entry of the December final assessment contesting the December final assessment.

27. Because the Debtor contested the December final assessment within 30 days of its entry, the Department voided the December final assessment and set a Department hearing regarding the Debtor's contentions for May 2, 2017.

28. On July 7, 2017, the Department entered a final assessment against the Debtor as a responsible party for the withholding tax liability of Hoyt Harris Inc. for quarter ending September 2014 ("the July final assessment").

29. The Department mailed the July final assessment to the Debtor at 1104 W. Cleermont Circle SE, Huntsville, AL 35801 by certified mail on July 7, 2017.

30. The Debtor signed for and claimed the July final assessment that had been mailed to the Debtor at 1104 W. Cleermont Circle SE, Huntsville, AL 35801 by certified mail on July 7, 2017.[2]

In addition to the stipulated facts, the Debtor testified that she served as the Vice-President of Hoyt Harris, Inc. during the relevant time periods and that she had check signing authority on behalf of the company. Beginning in January of 2010, the Debtor began working 24 to 30 hours per week in the company's main office along with her ex-husband who served as President of the company and with her sister-in-law, Loring Harris, who served as the Corporate Secretary.

The Debtor was primarily responsible for monthly billing and for reconciling accounts receivables. Although Loring Harris was primarily responsible for the payment of payroll taxes and issued most of the checks for Hoyt Harris, Inc., the Debtor also wrote checks and handled payroll for the company on occasion when Loring Harris was unavailable.[3] In addition, the Debtor purchased business licenses on behalf of the company and answered phone calls regarding the business when her ex-husband was unavailable.[4]

The Debtor testified that her ex-husband informed her that there was a problem with the payment of payroll taxes while she was still working for Hoyt Harris, Inc. and admitted that she

---

[2] Joint Stipulation of Undisputed Facts and Disputed Issues, ECF no. 98.

[3] *See* ADOR Ex. 2, Check # 014781 dated July 25, 2014 issued to Leonard Hoyt Harris, Jr. in the amount of $7,292.41; Check # 014808 dated August 1, 2014 issued to Blue Cross/Blue Shield in the amount of $12,888.26; and Check # 014809 dated August 1, 2014 issued to Steven S. Brooks, an employee of the company, in the amount of $3,292.26, each signed by the Debtor.

[4] *See* ADOR Ex. 3, City of Huntsville business license dated October 29, 2013 signed by Debtor in her capacity as Vice President of Hoyt Harris, Inc.

understood that such taxes had to be paid. The Debtor further admitted that she was aware that ADOR Compliance Officers were contacting Hoyt Harris, Inc. regarding the delinquent taxes.

ADOR Compliance Officers, Anthony Ingegneri and Jameson Thompson, both testified that they regularly contacted the Debtor regarding Hoyt Harris, Inc.'s unpaid withholding taxes. The Department maintains an internal recordkeeping system in which compliance officers make contemporaneous notes as they speak with a point of contact which reflected numerous phone calls between the Debtor and Compliance Officers beginning February 11, 2013 and continuing through the Fall of 2014.[5] Mr. Ingegneri testified that his first conversation with the Debtor on February 11, 2013 resulted in the payment of withholding taxes for the period June 2012 through December 2012.[6]

From December of 2013 through the Fall of 2014, Mr. Thompson testified that the Debtor was his primary point of contact at Hoyt Harris, Inc. regarding the company's unpaid withholding taxes. Although Mr. Thompson and the Debtor only spoke over the phone, Mr. Thompson testified that he subsequently met the Debtor in May of 2015 at his dentist office where the Debtor was then employed. According to Mr. Thompson, it was the Debtor who recognized his name when they met. The Debtor inquired whether he was the Compliance Officer with whom she had spoken while she was employed at Hoyt Harris, Inc. During this meeting, the Debtor provided Mr. Thompson with her ex-husband's cellphone number so that ADOR could contact him regarding the unpaid tax liability.

---

5     *See* ADOR Ex. 11, RITS.

6     *See* ADOR Ex. 11, RITS.

ADOR Revenue Compliance Officer Evelyn Lyle testified that it was her job to investigate and identify responsible parties for Hoyt Harris, Inc.'s unpaid withholding tax liability. Upon determining that the Debtor was the Vice-President of Hoyt Harris, Inc., that the Debtor had check signing authority on behalf of the company, and that she was involved in the day-to-day operations of the company, Ms. Lyle determined that the Debtor was a responsible party for the payment of Hoyt Harris Inc.'s delinquent taxes. She then verified the Debtor's mailing address through the United States Postal Service and mailed the preliminary and final tax assessments at issue to the Debtor at 1104 W. Cleermont Circle SE, Huntsville, AL 35801 by certified mail, as set forth in detail in the parties' Joint Stipulation of Undisputed Facts.

When the Debtor failed to claim the certified mail, Ms. Lyle mailed copies of the preliminary and final assessments to the Debtor's mailing address by regular mail. Each time Ms. Lyle mailed an assessment to the Debtor, she verified the Debtor's current address with the United States Postal Service which the Debtor admits has not changed since January of 2013 through the present date.

The Debtor testified that she remembered receiving a letter from ADOR in either May or June of 2016 regarding an assessment. She contacted ADOR by telephone and explained that she did not have an ownership interest in Hoyt Harris, Inc. According to the Debtor, the assessment was rescinded on-line and she believed that the matter had been resolved.

ADOR records reflect that on April 18, 2016, Ms. Lyle mailed a letter to the Debtor, writing in part, "[s]ince you feel you are not responsible for the unpaid trust fund taxes owed by Hoyt Harris, Inc., I am enclosing a 100% Penalty Interview form to help outline facts that show your

7

actual status within the corporation. This will help in further investigation of the case."[7] Ms. Lyle testified that the Debtor failed to returned the 100% Penalty Interview form.

The Debtor admits that she received another letter from ADOR in December of 2016 stating that she was again being assessed for the unpaid withholding taxes. The Debtor contacted ADOR and was informed by Ms. Lyle that she could appeal the assessment. The Debtor testified that she requested that the hearing be held in Huntsville, Alabama and was informed that Ms. Lyle would let the Debtor know when the hearing was scheduled.

Ms. Lyle testified that she mailed a letter to the Debtor on behalf of the Department dated April 5, 2017 scheduling the appeal hearing in Montgomery, Alabama on May 2, 2017.[8] The Debtor failed to appear at the hearing to contest the assessment, taking no further action until her wages were garnished in the Spring of 2017.

### III.   CONCLUSIONS OF LAW

#### A. Sufficiency of Notice

Section § 40-2A-7(b)(4) of the Alabama Code establishes the following procedure for service of a final tax assessment upon a taxpayer:

> d.  The final assessment entered by the department, or a copy thereof, shall be mailed by the department to the taxpayer's **last known address** (i) by either first class U.S. mail with return receipt requested in the case of assessments of tax of five hundred dollars ($500) or less or (ii) **by certified mail** with return receipt requested in the case of assessments of tax of more than five hundred dollars ($500). In either case and at the option of the department, the final assessment, or a copy thereof, may be delivered to the taxpayer by personal service.[9]

---

7  ADOR, Ex. 20.
8      ADOR Ex. 24, Letter dated April 5, 2017.
9      ALA. CODE  § 40-2A-7(b)(4) d.

8

Pursuant to § 40-2A-7(b)(4) d, the Department is required to mail all final assessments over $500 by certified mail to a taxpayer's last known address, or at the Department's option by personal service. The Debtor concedes that the Department made numerous attempts to communicate with her concerning the taxes at issues, but argues that she failed to receive actual notice of the assessments. However, the "language of the statute requires only that the notices be mailed to the last known address and requires no proof of actual receipt of the notice."[10] As explained in the case of *Beach v. State of Alabama Department of Revenue*, 2000 WL 33152297 (Ala. Dept. Rev.), a taxpayer that fails to claim certified mail, return receipt requested, mailed to the taxpayer's last known address, does so "to his own detriment."[11] "A taxpayer cannot refuse to claim a final assessment delivered by certified mail and thereby avoid the mandatory 30 day appeal deadline . . . ."[12] Based upon the record before the Court, the Court finds that the Department complied with § 40-2A-7(b)(4) d by mailing the final assessments to the Debtor's last known address by certified mail.

The Court further finds that the Department exercised reasonable care and diligence in determining the Debtor's last known address.[13] Each time the Department mailed an assessment

---

[10] *Williams v. State Department of Revenue,* 578 So.2d 1345 (Ala. Civ. App. 1991)(writing "notice, and receipt of notice is not required, the record indicates that notice of the certified mail was delivered twice to his last known address").

[11] *Beach v. State of Alabama Department of Revenue,* 2000 WL 33152297 *2 (Ala. Dept. Rev.)(citing *Williams v. State Department of Revenue,* 578 So.2d 1345 (Ala. Civ. App. 1991)).

[12] *Id.*

[13] *See Davis v. Commissioner of Internal Revenue Service*, 661 F.Supp. 733, 735 (M.D. Ala. 1987)(explaining that that actual receipt of a final assessment is not required so long as the IRS exercised reasonable care and diligence in determining the taxpayer's address).

to the Debtor, Revenue Compliance Officer Evelyn Lyle verified the Debtor's address with the United States Postal Service. At all relevant times, the Debtor's mailing address was and remains 1104 W. Cleermont Circle SE, Huntsville, AL 35801.

Although the Debtor contends that she did not receive certified mailed from the Department, the evidence reveals that the Debtor received and ignored multiple levels of notice for the assessments at issue. With regard to the withholding taxes represented by the Department's Claim #1, the Debtor admits that she received notice of the preliminary assessment, but asserts that she thought that the taxes had been resolved after she spoke with the Department.[14] With regarding to the withholding taxes represented by Claim #3, the Debtor asserts that she did not receive notice of the hearing to dispute the assessment until her wages were garnished.[15] Although the Debtor failed to claim the certified mail mailed to her address, she also received actual, verbal notice that the Department had issued the assessments after speaking with Ms. Lyle during the Spring of 2016 regarding the matter. On April 28, 2016, Ms. Lyle mailed a letter to the Debtor along with a 100 % Penalty Interview form, providing the Debtor with the opportunity to contest the preliminary assessment which the Debtor failed to return.[16] The Debtor contacted Ms. Lyle again in December of 2016 after she received another assessment. On April 5, 2017, Ms. Lyle mailed a letter to the Debtor scheduling a hearing on May 2, 2017 to appeal the tax assessments which the Debtor failed to attend.[17] Based upon the foregoing, the Court concludes that the Department exercised reasonable care and diligence in determining the Debtor's last

---

14    ECF No. 111, Harris Brief, p. 2.

15    ECF No. 111, Harris Brief, p. 2.

16    ADOR, Ex 20.

17    ADOR, Ex 24.

known address and that the Debtor received sufficient notice pursuant to ALA. CODE § 40-2A-7(b)(4) d of the final tax assessments issued by the Department. Unfortunately, the Debtor apparently ignored multiple levels of notice to her own detriment.

### A. Responsible Party

The Department assessed liability against the Debtor as responsible party for Hoyt Harris, Inc.'s withholding tax liability for quarters ending December 2013 through June 2014 and September 2014 pursuant to ALA. CODE § 40-29-72 and § 40-29-73. Section 40-29-73(a) of the Alabama Code provides that as a general rule:

> Any person required to collect, truthfully account for, and/or pay any tax imposed by Section[] 40-17-12, . . . . who willfully fails to collect such tax, or truthfully account for, and or/pay over such tax, or willfully attempts in any manner to evade or defeat such tax or the payment thereof, shall in addition to other penalties provided by law, be liable for a penalty up to the total amount of the tax evaded, or not collected, or not accounted for and paid over.[18]

Section 40-29-72 of the Alabama Code defines the term "person" as "an officer of a corporation, or a member of a partnership, who as such officer, or member is under a duty to perform the act in respect to which the violation occurs."[19] "Sections 40-29-72 and 40-29-73 are modeled after the federal 100 percent penalty statue, 26 U.S.C. 6672" which "levies a 100 percent penalty against any person responsible for paying a corporation's trust fund taxes that willfully fails to do so."[20]

---

18   ALA. CODE § 40-29-73(a).

19   ALA. CODE § 40-29-72(b); *See also* Ala. Tax Reg. 810-12-1-.01(2)(further specifying that the term "person" means an officer of a corporation or a member of a partnership who by virtue of such position held, is charged with a duty to perform the act of collecting, truthfully accounting for, and/or paying over any trust fund tax to which this penalty relates.")).

20   *Moody v. State of Alabama Department of Revenue*, 2016 WL 4091376 *2 (Ala. Dept. Rev.)(citing *Morgan v. U.S.*, 937 F.2d 281 (5th Cir. 1991) and *Howard v. U.S.*, 711 F.2d 729 (5th Cir. 1983)).

For purposes of Alabama's 100 percent penalty statute, courts have held that "[a] person is a 'responsible person' . . . if he or she has the duty, status, and authority to pay the taxes in question."[21] "A responsible person willfully fails to pay a corporation's trust fund taxes if the person knew that taxes were owed, but paid other creditors in lieu of the government."[22]

In this case, the Debtor argues that as the Vice-President of Hoyt Harris, Inc. her role was limited because she did not routinely sign payroll checks, tax returns, or other checks for the company. She further asserts that she never represented to ADOR Compliance Officers that she was the person that would handle payment of the delinquent payroll taxes. Instead, the Debtor argues that she "simply indicated that she would try and facilitate their handling."[23]

As explained by the District Court for the Northern District of Alabama, "the standard of responsibility is not rigid or formalistic; rather, in recognition of practical experience and economic realities, the standard is intended to identify those persons who have significant authority over the management of the corporation on a day-to-day basis."[24] The Debtor suggests that her ex-husband, as the President and owner of Hoyt Harris Inc., was the responsible party for the payment of the company's unpaid withholding taxes. Alternatively, the Debtor suggests that Loring Harris, was the responsibly party as the Corporate Secretary because she was the one primarily responsible for signing checks and paying employees on behalf of the company.

---

21  *Moody v. State of Alabama Department of Revenue,* 2016 WL 4091376 *2 (Ala. Dept. Rev.); *See also Taylor v. State of Alabama Department of Rev.*, 2017 WL 4460912 *2 (Ala. Dept. Rev.)( "[W]here Alabama's taxing statues are modeled after their federal counterparts, the statutes should be construed and interpreted the same way.")).

22  *Moody v. State of Alabama Department of Revenue,* 2016 WL 4091376 *2 (Ala. Dept. Rev.).

23  Harris Brief, ECF No. 111, p. 4.

24  *State of Alabama v. King*, 1995 WL 423171 *3 (N.D. Ala.).

The Debtor's argument is not compelling because more than one person may be a responsible party for purpose of Alabama's 100 percent penalty statue. "If a person was responsible for paying the corporation's taxes, it is irrelevant that other individuals were equally or even more responsible for the taxes."[25] In this case, the Debtor served as the Vice-President of Hoyt Harris, Inc., a family owned and operated business, she had check signing authority on behalf of the company, she was involved in the day-to-day operations of the business, and the Debtor knew that the taxes were both owed and unpaid. In addition, the parties stipulated that Hoyt Harris, Inc.'s corporate bank account held at BBVA Compass held sufficient funds to pay the withholding taxes for the quarters ending December 2013 through June 2014 and the quarter ending September 2014.[26]

Under the circumstances of this case, the Court finds pursuant to ALA. CODE §§ 40-29-72, 40-29-73(a) that the Debtor is a responsible party for the unpaid withholding tax liability of Hoyt Harris, Inc. for the quarters ending December 2013 through June 2014 and September 2014. The Debtor had the duty, status, and authority to pay the taxes in question. She knew that taxes were owed, but other creditors were paid in lieu of thereof.

IV.  **CONCLUSION**

Based upon the forgoing, the Court finds that the notice provided to the Debtor was in compliance with ALA. CODE § 40-2A-7(b)(4) and that the Debtor is a responsible party for the tax

---

25  *Moody v. State of Alabama Department of Revenue,* 2016 WL 4091376 *2 (Ala. Dept. Rev.).

26  Joint Stipulation of Undisputed Facts and Disputed Issues, ECF no. 98, ¶ 9.

13

periods at issue under Alabama law. The Court will enter a separate Order consistent with this Memorandum Opinion overruling the Debtor's Objections to Proofs of Claim #1 and #3.

Dated this the 30th day of January, 2018.

                                               /s/ Clifton R. Jessup, Jr.
                                               Clifton R. Jessup, Jr.
                                               United States Bankruptcy Judge